# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
**v.**
## DeMauri M. FRAZIER
## Seaman Apprentice, U.S. Coast Guard

## CGCMG 0138

## Docket No. 1098

## 26 May 1999

General Court-Martial convened by Commander, Ninth Coast Guard District, Cleveland, Ohio. Tried at U.S. Coast Guard Group Milwaukee, Wisconsin, on 20-24 January 1998.

| | |
|---|---|
| Military Judge: | CAPT Robert W. Bruce, USCG |
| Trial Counsel: | LCDR Kent L. Booher, USCGR |
| Assistant Trial Counsel: | LT John P. Nolan, USCG |
| Detailed Defense Counsel: | LT Arthur R. Blum, JACG, USNR |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LT Benes Z. Aldana, USCGR |

## BEFORE
## THE COURT *EN BANC*

## BAUM, KANTOR, WESTON, AND McCLELLAND

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. He pled guilty

and was convicted by the military judge of one offense of marijuana use in violation of Article 112a, Uniform Code of Military Justice (UCMJ). Before the court members, he pled not guilty to the remaining offenses: one specification of failure to obey a lawful general regulation by engaging in sexually intimate behavior aboard a Coast Guard controlled work place; two specifications of carnal knowledge; and one specification of indecent acts with a female under the age of sixteen, in violation of Articles 92, 120, and 134, UCMJ, respectively. He was convicted of the regulation violation, acquitted of the carnal knowledge offenses and the charged indecent act, but convicted by exceptions and substitutions of two specifications of indecent acts with a female under sixteen, as lesser included offenses of the carnal knowledge offenses. The military judge dismissed the Article 92 regulation violation on the condition that it would be restored should its underlying indecent act offense be set aside on review. He instructed the court that the regulation offense had been dismissed by him and was not to be considered when arriving at a sentence. Thereafter, the court sentenced Appellant to a bad conduct discharge (BCD), two months restriction, three months hard labor without confinement, and reduction to pay grade E-1.

The convening authority, in his action on the sentence, changed the BCD, restriction, and hard labor without confinement to twelve months confinement. He approved the sentence as changed and ordered it executed, confining Appellant that day. Appellant objected to this action and sought deferment of the confinement, which the convening authority denied. Thereafter, Appellant filed with this Court, a petition for extraordinary relief in the nature of a writ of *habeas corpus*, challenging the changed sentence as an unlawful increase in its severity. Ultimately, we rejected Appellant s view and determined that the convening authority s action was a lawful commutation of the sentence(1). Before we denied Appellant s writ petition, however, we ordered Appellant s release from incarceration and deferred further confinement, pending resolution of the commutation issue. Upon our denial of the writ, we continued the deferment of confinement until such time as our ruling became final or until rescinded by this Court or higher authority. Later, after the Court of Appeals for the Armed Forces denied an appeal of our action on the writ, this Court ordered the deferral of confinement rescinded, effective 1 December 1998, (see appendix 1, which is a copy of this Court s order of 20 November 1998 rescinding deferral of confinement), but that order was stayed by the Court of Appeals for the Armed Forces *pendente lite* (2) and Appellant has remained free awaiting completion of appellate review. When denying Appellant s appeal of the commutation decision and, again, on denying reconsideration, our higher court stated that denial was without prejudice to raising of the issue again as part of the ongoing review of this case (3). Accordingly, in conjunction with our review of the record under Article 66, UCMJ, Appellant has challenged, again, the convening authority s modification of the sentence as one of the two assigned errors that have been briefed and orally argued to the Court (4). In light of this assignment, we have revisited our previous decision on the subject. After consideration of Appellant s latest arguments, we have determined that our earlier ruling was correct and will not be modified.

## Legal and Factual Sufficiency of the Evidence That Appellant s Acts Were Indecent

Appellant s other assigned error asserts that the Government failed to meet legal and factual standards of proof to support the guilty findings of indecent acts with a minor and, for that reason, they must be set

aside and the two specifications dismissed. At the heart of Appellant s argument is the requirement that the acts committed by Appellant must be indecent. That is an essential element of these offenses, which must be proven by the Government. The nature of the acts themselves may satisfy this element or it may be established by the surrounding circumstances. In this regard, the acts in specification one, consensual sexual intercourse, and those in specification two, consensual fondling and touching of the breasts and vaginal area, if done in private, do not meet the description of indecent acts in Paragraph 90c of Part IV, *Manual for Courts-Martial*, *United States*, (*MCM*) (1995) as that form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety. As such, they are not inherently indecent and are not a crime under Article 134, UCMJ, unless other factors are established by the evidence that may cause such acts to be indecent. *U.S. v. Stocks*, 35 M.J. 366, 367 (C.M.A. 1992); *U. S. v. Hickson*, 22 M.J. 146, 150 (C.M.A. 1986).

A factor normally bearing on the question of indecency is the age of the partner. "An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child." *U.S. v. Strode*, 43 M.J. 29, 32 (1995); *see also U.S. v. French*, 31 M.J. 57, 59 (C.M.A. 1990); *U. S. v. Tindoll*, 16 U.S.C.M.A 194, 195 (1966). However, we find that the age of Appellant s thirteen-year-old female partner was removed from consideration with respect to findings on all offenses, when the court found Appellant not guilty of the charged carnal knowledge offenses. Although the court did not make a specific finding, the only possible basis for its verdict was its acceptance of the Appellant s claim of mistake of fact as to her age. The military judge s instruction concerning the lesser-included offense of indecent acts with a minor made it clear when he instructed the court members that, if they found that the accused honestly and reasonably believed that the young woman was at least sixteen years of age, they could not consider her age as a basis for finding that the acts of the accused were indecent. In amplification, he said: "In other words, you could only find the acts of the accused indecent, if those acts would be indecent if they were performed with an adult female, rather than with a female child." Record at 645. The judge went on to also correctly advise the members as follows:

> In the absence of aggravating circumstances, private sexual intercourse is not punishable as an indecent act. Article 134 UCMJ is not intended to regulate the wholly private moral conduct of individuals. Among possible aggravating circumstances is that the sexual intercourse was open and notorious. Sexual intercourse may be open and notorious when the participants know that a third person is present. This presence of a third person may include a person who is present and aware of the act of sexual intercourse through senses other than vision. On the other hand, sexual intercourse performed without the close proximity of others and which passes unnoticed may not be open and notorious.

> Sexual intercourse may be considered open and notorious when the acts occur under circumstances in which there is a substantial or reasonable risk that the act could be witnessed by a third person, despite the fact that no such discovery occurred.

Record at 645-46.

Given the above instructions it is clear that the members also found that the acts occurred under circumstances where there was a substantial risk or reasonable risk of being witnessed and thus "open and notorious." Appellant contends that, since the acts themselves were not inherently indecent, and with the age of the female partner eliminated as a factor, the Government was required to satisfy the indecent element by proving that the acts were committed in an open and notorious manner, as instructed by the military judge. It is with respect to this critical aspect of the two indecent acts offenses that Appellant says the evidence is deficient. According to Appellant, the evidence with respect to specification one shows only that he and his consenting partner engaged in sexual intercourse in a car parked in a public parking lot behind the Coast Guard station sometime after 11:30 at night. Without evidence from the Government that other persons or vehicles were present at that time, or even reasonably likely to be present, Appellant submits that the "open and notorious" requirement with respect to that offense has not been met.

With regard to the other specification, the acts were shown by the evidence to have been committed after 11:00 at night in a private room in the barracks at the Coast Guard station. As with the first specification, the Government offered no evidence indicating that anyone else was present in the room or, for that matter, in the barracks itself, except for a friend who had been in the room earlier, alone with the young woman, while Appellant waited in another room. Later, when the friend came out, Appellant went in alone and no evidence was presented that anyone else entered after that or that anyone else would have been able to enter that occupied room or was reasonably likely to do so. Without such evidence, Appellant argues that the Government has failed to meet its burden of proving that those acts were also open and notorious.

The Government, on the other hand, contends that its burden of proof was satisfied by evidence establishing that Appellant s acts were committed in a parking lot open to the public and in a barracks room that did not belong to him. According to the Government, these settings present a substantial risk of discovery and, therefore, meet the "open and notorious" test for indecency, despite the fact that no evidence indicates the acts were seen by anyone else. Granted, a reasonable risk of viewing by others might be inferred from the locale of the acts alone. Without any other evidence, such an inference could possibly be enough to satisfy the test for legal sufficiency of the evidence. That test is, "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *U.S. v. Thompson*, No. 98-0182, 1999 CAAF LEXIS 920, at *2 (C.A.A.F. May 6, 1999); *U.S. v. Turner*, 25 M.J. 324 (C.M.A. 1987).

Factual sufficiency is another matter entirely. Pursuant to the mandate in Article 66, UCMJ, this Court must be convinced of Appellant s guilt beyond a reasonable doubt before a finding of guilty may be affirmed. That means we must weigh the evidence in the record and, after making allowances for not having personally observed the witnesses, determine to our satisfaction whether each element of the offense has been established beyond a reasonable doubt. *U.S. v. Turner*, 25 M.J. at 325. When weighing

the evidence, we find that the inference of a reasonable risk of observation by others, on which the Government relies, is countered by other evidence in the record, primarily the hour and settings in which the acts occurred. Both acts took place late at night when others were not likely to be present, and, in fact, no evidence was presented that there were circumstances suggesting any reasonable likelihood that others might observe Appellant and his partner. Moreover, during argument to the court, trial counsel s description of the offense in the car undercuts the Government s assertion that viewing by others was likely in that place. Commenting on Appellant s characterization of his actions as "fooling around in the car," trial counsel offered the following description: "what other word do you use for what two kids in the back seat of a car parked in a parking lot **off in the boonies in the middle of nowhere,** what else do you call it?" Record at 669 (emphasis added). *Cf. U.S. v. Carr*, 28 M.J. 661, 665 (N.M.C.M.R.1989) (sexual intercourse on a public beach after midnight in an unlighted area held under the circumstances of the case not to be open and notorious as a matter of law). With respect to those acts in the barracks room, the evidence establishes that Appellant s friend spent time with the young woman in the room before Appellant went in, and that Appellant did not enter until his friend had left the room. Furthermore, there is no evidence that anyone intruded on either Appellant or his friend, or that anyone else was even in the vicinity for that matter. This evidence supports the reasonable expectation of privacy that would ordinarily be inferred from the circumstances of a barracks room with a closed door. Moreover, the sexual activity fell well short of intercourse and presumably could have been terminated upon hearing the opening of the door. It is the burden of the Government to prove the open and notorious character of the sexual activity beyond a reasonable doubt. Here, the Government has not met that burden.

## Failure of Proof of Indecent Acts and Restoration of the Orders Violation

Given the times and places of each set of acts, and the lack of evidence that others were in a position to observe Appellant, we are not convinced beyond a reasonable doubt by the evidence that Appellant s actions in either specification were open and notorious and, thus, indecent. Accordingly, since that element of both offenses has not been satisfied, we must set aside those findings of guilty. That leaves us with the question of whether disapproval of the indecent acts in the barracks may act to revive the finding of guilty of failure to obey a general regulation for engaging in those acts. As indicated earlier, that offense had been conditionally dismissed by the military judge during an Article 39 (a), UCMJ session out of the presence of the court members, when he ruled as follows:

> Now, the note following Paragraph 16(e)(2) talks about a situation where in the absence of the order or regulation which was violated or not obeyed, the accused would, on the same facts, be subject to conviction for another specific offense for which a lesser punishment is prescribed. It seems to me that it s clear at this point that, in the absence of the order, the accused would, on the same facts, be subject to conviction for indecent acts with a child at the station. I m not saying that there s no purpose for the regulation, because the regulation s broader than the indecent acts with a child offense. But under the circumstances of this case, I find that they both criminalize

the same conduct, and I think the intent of that provision is that the accused not be punished twice for that same conduct.

So I m going to conditionally dismiss Charge I and its specifications (sic), subject to the appeal process. It would be my intention that if, during the appeal process, anything would happen to the second specification of Charge II, that this Charge I and its specification could be revived because I find that there was a proper finding of guilty on it. And I m only dismissing it conditionally because I don t feel it s proper for the accused to be punished twice. So at the appropriate time, I ll advise the Members that that charge and specification have been dismissed and they won t consider that for findings (sic).

Record at 744-45.

The Government has submitted a supplemental brief citing *U.S. v. Zupancic*, 18 M.J. 387 (C.M.A. 1984) and other cases for the proposition that a dismissed lesser and multiplicious offense may be reinstated on appeal if the greater offense is set aside. The Government also contends that we may recharacterize the military judge s action as merging two offenses for sentencing rather than conditionally dismissing one, and, in either event, that we may order a sentence rehearing or reassess the sentence ourselves. Appellant challenges the Government s interpretation of the cited cases and distinguishes them from the facts in the instant case, principally on the basis that the cited cases involved multiplicious lesser-included offenses, dismissed at the appellate level, whereas the Article 92 offense here, which was dismissed at the trial level, is neither lesser-included nor multiplicious under current standards. Appellant also finds the characterization of the judge s action as a merger rather than a dismissal unsupported by the record. In this regard, the judge instructed the court as follows:

Members, you still have in your packet the flier with the charges and specifications? I want you to get that out and look at that. I ll advise you that I ve dismissed Charge I and its specification because it essentially punishes the same conduct that the accused was found guilty of under specification 2 of Charge II. So I want you to strike that out on your flier, and you won t be considering that charge and specification for the purposes of sentencing.

Record at 747.

We believe there is no need to recharacterize the military judge's action as merger. He seems to have followed the advice of Judge Effron in his concurring opinion in *U.S. v. Britton,* 47 M.J. 195, 203 (1997). Judge Effron opined that the appellate courts could "enter a 'conditional dismissal' of a colorably multiplicious charge." *Id.* Notwithstanding the limits of his expressed view that "the power to order such a conditional dismissal is well within the inherent authority of appellate courts," *id.* at 204, we see no reason to believe that the trial judge lacks such authority. We ascribe full vigor to the military judge's

conditional dismissal of the Article 92 offense. Despite the differences between facts here and those in the Government-cited cases, we are of the view that the finding under that charge may be revived and affirmed by us upon the setting aside of the corresponding indecent act offense, by analogy to what we would do with a lesser-included offense when the major offense is disapproved. In that latter circumstance, guilt of the lesser offense may be affirmed at the appellate level without an express finding of guilt at trial because the trial court s guilty finding for the major offense necessarily included the lesser offense. Here, we have an express finding of guilt for the Article 92 offense, so there is no need for it to be a lesser-included offense within the disapproved indecent act offense under Article 134. Having disapproved the Article 134 offense, and thereby satisfying the military judge s condition for restoring the Article 92 offense finding of guilty, we believe it may now be affirmed.

The more difficult question in our view is whether the record must be returned to the trial court now for a rehearing to allow that court to fashion a new sentence based solely on the two offenses under Article 92 and 112a UCMJ. While we certainly could take that step, we are also convinced that corrective action may be taken at this level by reassessing the sentence after affirming the orders violation conviction.

## Reassessment of the Sentence

In order to reassess the sentence, instead of returning the record for a rehearing, we must be convinced that Appellant s penalty "would have been at least of a certain magnitude", if the trial court had been faced with only the two remaining offenses under Article 92 and 112a, UCMJ rather than the three offenses for which he was punished. *U.S. v. Taylor*, 47 M.J. 322, 324 (1997); *U.S. v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). As the Court in *Taylor* stated, "[a]n Appellant is entitled to be made whole on appeal." 47 M.J. at 324-25 (quoting *U.S. v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991)). If we cannot reliably determine the sentence that the trial court would have imposed, we must order a sentence rehearing. In making this judgment, we assess what the initial court would have done, not what a court might do at a sentence rehearing. *Taylor*, 47 M.J. at 325. We have made that determination and we are convinced that the trial court would have imposed the same sentence as before. We believe that court would have ordered Appellant s discharge without confinement in any event and, thus, would have adjudged the same BCD, two months restriction, three months hard labor without confinement, and reduction to pay grade E-1 for the orders violation and marijuana use offenses alone. With that determination, we now turn to the next step under Article 66, UCMJ, deciding what sentence, or amount thereof, should be approved, on the basis of the entire record. In reaching that decision, Article 66, UCMJ, tells us that we are to act only with respect to the sentence as approved by the convening authority. That sentence, after commutation and approval, stands at twelve months confinement and reduction to E-1.

We observe that the maximum confinement authorized for these two offenses is four years, as opposed to sixteen years for the three offenses underlying the court s sentence. Bearing that in mind, and considering all the circumstances of the offenses and this accused, we conclude that a sentence of six months confinement and reduction to E-1 should be approved.

## Conclusion

Accordingly, in light of the foregoing, the findings of guilty of the two specifications of indecent acts with a minor in violation of Article 134, UCMJ, are set aside and dismissed. The finding of guilty of one specification of failure to obey a general regulation in violation of Article 92, UCMJ, is restored and is affirmed, along with the finding of guilty of one specification of marijuana use in violation of Article 112a, UCMJ. Upon reassessment of the sentence in light of those reduced findings, only so much of the sentence, as commuted and approved below, is affirmed as provides for six months confinement and a reduction to pay grade E-1.

Judges KANTOR and WESTON concur.

Judge McCLELLAND (dissenting in part and concurring in part)

I dissent from the Court s finding of factual insufficiency on specification one of indecent acts with a minor, the specification concerning sexual activity in a car. In my view, sexual activity in a car, absent extraordinary facts such as curtains in the car or significant obstacles to other persons reaching the location of the car, is open and notorious, so as to satisfy the element of indecency. Notwithstanding trial counsel s characterization of the location as "off in the boonies in the middle of nowhere," the evidence, showing that the location was a public parking lot behind the Coast Guard station and near the beach, clearly supports the inference of reasonable risk of observation by others.

I concur with the rest of the Court s opinion.

**Footnotes**

1. Frazier v. McGowan, 48 M.J. 828, 830-31 (C.G.Ct.Crim.App. 1998).
2. U.S. v. Frazier, _M.J._ (C.A.A.F. Nov. 30, 1998) (order staying confinement of Appellant pendente lite).
3. See U.S. v. Frazier, _M.J._ (C.A.A.F. Mar. 17, 1999) (order disposing of various petitions filed in this case); (C.A.A.F. Nov. 3, 1998) (order granting Appellant's motion to file documents and denying his writ petition).
4. On 13 April 1999, the Court heard oral argument at the U.S. Coast Guard Academy as part of "Project Outreach," a program instituted by the United States court of Appeals for the Armed Forces to take appellate hearings outside the Washington, D.C. area and, thus, make the public more aware of the military justice appellate process.   Oral argument in this case was held before the entire corps of cadets, as well as some members of the faculty and administration at the Coast Guard Academy, and Coast Guard law specialists, both active and retired, from the surrounding area and other guests.   After the hearing adjourned, in furtherance of "Project Outreach" objectives, the judges and appellate counsel entertained questions from the audience not pertaining to the case.

# Appendix 1

*Frazier v. McGowan*, Misc. No. 001-98 (C.G.Ct.Crim.App. Nov. 20, 1998) (order granting petitioner s motion to attach documents and denying petitioner s motion for extended deferral of confinement)

IN THE UNITED STATES COAST GUARD

COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| DeMauri M. FRAZIER, | ) | 20 November 1998 |
| Seaman Apprentice, | ) | |
| U.S. Coast Guard | ) | PETITIONER'S MOTION TO |
| Petitioner, | ) | EXTEND DEFERRAL OF |
| | ) | CONFINEMENT AND |
| | ) | MOTION TO ATTACH |
| v. | ) | DOCUMENTS FILED WITH |
| | ) | THIS COURT ON |
| | ) | 12 NOVEMBER 1998 |
| RADM J.F. McGOWAN, | ) | |
| Commander, U.S. Coast Guard, | ) | |
| Ninth Coast Guard District, | ) | MISC. DOCKET NO. 001-98 |
| | ) | |
| and | ) | CGCMG 0138 |
| | ) | |
| The United States | ) | |
| Respondents | ) | ORDER - *EN BANC* |

On 12 November 1998, Petitioner filed a Motion to Extend Deferral of Confinement until the pending review of his case by this Court under Article 66, UCMJ, becomes final under Article 76, UCMJ. A Motion to Attach Documents was also included. In response, the Court issued an order on 12 November

1998 noting Petitioner s assertion that the Government intended to confine him immediately upon close of business 13 November 1998 and, for that reason, the Court temporarily continued the deferral of his confinement until such time as the motion for extended deferral is acted upon. The Government filed its opposition to Petitioner s motion on 19 November 1998, indicating, among other things, that Petitioner had filed a motion with the Court of Appeals for the Armed Forces on 13 November 1998 for reconsideration of its order denying Petitioner s writ appeal petition.

It appears that jurisdiction exists in this Court with respect to review pursuant to Article 66, UCMJ, and in the Court of Appeals for the Armed Forces with respect to the motion for reconsideration of its denial of the writ appeal petition. Treating the motion for extended deferral of confinement as a matter for this Court to act upon as part of the

Article 66, UCMJ, review, it is, by the Court, this 20th day of November 1998,

ORDERED:

That Petitioner s Motion to Attach Documents is hereby granted and Petitioner s Motion for Extended Deferral of Confinement is denied. The earlier deferral of confinement by this Court is hereby rescinded effective 1 December 1998.

For the Court,


//s//

Brian A. Johnson
Clerk of the Court