# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Orion M. THROWER
## Quartermaster Third Class, U.S. Coast Guard

## CGCMG 0156
## Docket No. 1124

## 28 June 2000

General Court-Martial convened by Commander, Seventeenth Coast Guard District. Tried at Juneau, Alaska on July 7-8, 1999.

Military Judge: COL Howard P. Sweeny, USAF
Trial Counsel: LCDR Todd Nelson, USCG
Assistant Trial Counsel LTJG Christopher Dougherty, USCG
Detailed Defense Counsel LCDR Timothy Stueve, USCG
Appellate Defense Counsel: LT Sandra K. Selman, USCGR
Appellate Government Counsel: LTJG Vasilios Tasikas, USCGR

## BEFORE
## PANEL FIVE
## BAUM, WESTON, AND McCLELLAND

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court martial, military judge alone. Pursuant to his guilty pleas, entered in

accordance with a pretrial agreement, Appellant was found guilty of one specification of violating a lawful order in violation of Article 92 of the Uniform Code of Military Justice (UCMJ), by wrongfully possessing a .45 caliber Ruger pistol and ammunition in his barracks room; and one specification of committing an indecent act with a child in violation of Article 134, UCMJ. Appellant pled not guilty to another specification of an indecent act with a child under an additional Article 134 charge and was convicted of that offense by exceptions and substitutions. The judge sentenced Appellant to a dishonorable discharge, confinement for three years, and reduction to pay grade E-1. Pursuant to the terms of the pretrial agreement, the convening authority changed the dishonorable discharge to a bad conduct discharge, approved the sentence as changed, and suspended all confinement in excess of six months for a period of twelve months from the date of sentencing.

Appellant has assigned and orally argued one error before this Court, that the evidence of record is legally and factually insufficient to support a guilty finding to the additional charge and its sole supporting specification. As part of this assignment, Appellant asserts that his guilty pleas to the other indecent act charge and his sworn answers to the plea-providence inquiry had a spillover effect that caused the military judge to overlook shortcomings in the government s case.

**The Facts**

While Appellant was assigned to USCGC SWEETBRIER, his immediate supervisor, a Quartermaster Second Class (QM2), befriended Appellant and welcomed him into the QM2 s home as a frequent dinner guest and overnight visitor. In the process, Appellant became very close to the entire family, frequently acting as a babysitter for the QM2 s three children, a ten year old girl, JH, and her two younger brothers. On one occasion, sometime in the fall of 1997, Appellant slept over at their home on a night when the QM2 had the duty. After the children were asleep, Appellant entered the bedroom of the sons, where the daughter was sleeping on the floor with her brothers, and he lay down beside her. At some point, he put his hand under her nightgown and into her panties, causing her to awaken with fright at what the Appellant was doing and to run out of the room. She got into bed with her mother, but made no mention of the incident to her or anyone else until a year later. This was the act to which Appellant pled guilty.

The contested act occurred a few months later in December 1997, when Appellant accompanied the family on a Christmas vacation to Anchorage, Alaska. At the start of the trip home to Cordova, Alaska, Appellant rode in the back seat of the QM2 s truck with the daughter, JH, and the oldest son. JH s mother testified that from the front seat she observed JH asleep with her head in Appellant s lap, and with Appellant stroking her face. When questioned by the military judge as to how long Appellant was touching the side of her daughter s head or hair, she said maybe an hour or so. What the mother saw made her uncomfortable, because she said she viewed it as something a man would do with an adult woman. She said nothing to Appellant or her daughter, but, at the next stop, she moved to the back seat, and Appellant took her seat in front.

The daughter s testimony was that on the drive home she was very tired and slept on and off. Once, when waking, she said it felt like Appellant gently pushed her head, which was facing forward, onto his lap.

She could not recall where on his lap her head rested. She specifically did not recall Appellant stroking her head or her hair. She did remember, however, that she felt uncomfortable at the time with her head in Appellant s lap and she felt Appellant s hand resting on her head, which she perceived as signaling her to keep her head where it was. According to her recollection, she wanted to sit up three or four times, but, at those times, she felt Appellant moving his hand down, not pushing, but with enough pressure to prompt her to remain in that position, until she finally did sit up.

A Coast Guard investigative agent testified that he interviewed Appellant a year later, after JH reported the offense to which Appellant pled guilty. The agent said that Appellant described his relationship with JH as one that was very affectionate. Appellant also mentioned that he was sexually attracted to JH. He remembered the drive home from Anchorage, and, when asked by the agent how he felt about having JH s head in his lap, stated that he was sexually aroused. The agent said Appellant indicated that he may have had an erection, but he could not recall. Based on the agent s testimony, and that of JH and her mother, the military judge found Appellant guilty by exceptions and substitutions of committing an indecent act upon JH s body "by pushing her head onto his lap, stroking her head and hair with his hand, and preventing her from lifting her head up from his lap." R.104. Appellant contends that this evidence is legally and factually insufficient because it does not establish two necessary elements of the offense, that Appellant s acts were, in fact, indecent, and that he committed them with the requisite intent.

## Establishing Whether an Act is Indecent

In determining whether an act is indecent, the Manual for Courts-Martial (MCM), 1998, explains that indecent "signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations," MCM 1998, Part IV, Paragraph 90.c. Appellant contends that allowing JH to sleep with her head in his lap on the ride home is not an act that falls within the Manual definition. On the face of it, that makes sense. Assisting a young girl to sleep on a long car trip by placing and keeping her head in one s lap, and by stroking her head and face, would not appear to be the kind of act contemplated by the MCM as indecent. This conclusion would seem to be especially true if the act is unaccompanied by other physical touching and is done by a family friend in the presence of the entire family. However, if these actions were not taken with the benign motive of helping a child sleep, but, rather, with the intent to arouse sexual desires, they reasonably could be viewed as "grossly vulgar, obscene, and repugnant to common propriety," particularly when the adult becomes sexually aroused from touching the child in this manner.

Acts which are not necessarily indecent in and of themselves can be found to be indecent depending on the totality of the circumstances. *U.S. v. Cottrill*, 45 M.J. 485, 487-488, (1997); *U.S. Wilson*, 13 M.J. 247, 250 (CMA 1982); *U.S. v. Holland*, 12 USCMA 444, 445, 31 C.M.R. 30, 31 (1961); and *U.S. v. Frazier*, 51 M.J. 501 (C.G.Ct.Crim.App. 1999). Moreover, an act that may not be indecent between adults may very well be indecent if it is between an adult and a child. *U.S. v. Strode*, 43 M.J. 29, 32 (1995). *See also Frazier, supra.* If Appellant pushed this ten-year-old girl s head onto his lap, stroked her head and hair, and prevented her from lifting her head, all with the intent to arouse himself sexually, and

by such actions did, in fact, become aroused, then, in our view, the innocent character of the act changes to one that is grossly vulgar, obscene, and repugnant to common propriety. We hold that such conduct by an adult with a ten-year old girl, no matter how innocent it might appear on the surface, constitutes an indecent act, if that act sexually excites the perpetrator and is committed with the specific intent to effect that arousal.

## Necessary Intent

Appellant challenges the proof of sexual intent as an essential element of the offense. According to the MCM, in order to satisfy this element the evidence must establish that the act was committed with the "intent to arouse, appeal to, or gratify the lust, passions or sexual desires of the accused, the victim, or both." MCM 1998, Part IV, Paragraph 87b.(1)(d). Appellant contends that the evidence fails in this regard. While the investigative agent s account of Appellant s statements allows a permissive inference that Appellant had the requisite sexual intent when the acts were committed, Appellant argues that a legally sufficient nexus between those acts and the specific intent is missing. Even if we accepted that contention with respect to Appellant s initial actions, it was reasonable for the factfinder to conclude that at some point after Appellant became sexually aroused, he had the specific intent to maintain that arousal by preventing JH from lifting her head from his lap. Appellant submits that the judge s finding of guilt must nevertheless fail because the details of the earlier offense, to which Appellant had pled guilty, had an improper spillover effect on the contested offense.

When similar-intent offenses are charged together, and where proof of one would not be admissible to prove the other, there is a serious danger that overwhelming proof of one will spill over and prejudice a legitimate defense to the other. *U.S. v. Haye*, 29 M.J. 213, 215 (CMA 1989); RCM 906(b)(10). Here, Appellant contends that the facts developed in the judge s guilty-plea inquiry carried over to influence him in finding all elements present in the second indecent act offense, and, in particular, prejudicially enhanced the proof of specific intent. According to *U.S. v. Holt*, 27 M.J. 57 (CMA 1988) an accused s oral statements made during a guilty plea colloquy may be used during the trial for determining the providence of the plea and for sentencing. Appellant offers no evidence that the judge utilized those statements in some other manner, only that it appears to Appellant that there were evidentiary gaps and that inevitably they must have been filled from earlier findings. Citing *U.S. v. Prevatte*, 40 M.J. 396, 398 (CMA 1994), Appellant acknowledges that the military judge is presumed to know the law and to follow it. We see no reason to doubt that the judge followed the law and did not utilize matters developed in the plea inquiry for an unauthorized purpose. Accordingly, we reject the contention that the military judge allowed the first offense s facts to influence him in finding Appellant guilty of the second offense.

As a separate matter, we note that if evidence relating to the first offense had been properly admitted in evidence as relevant proof of an element of the second offense, then the military judge legitimately could have considered it for that purpose. Military Rule of Evidence (MRE) 404(b) states that evidence of other crimes, wrongs, or acts, while not admissible to prove the character of a person, "may, however, be admissible for other purposes, such as proof of)intent)." In our view, the evidence of Appellant s prior indecent act with JH was relevant as to his intent with JH during the ride home from Anchorage. If

offered, under MRE 404(b), to prove this element, we believe it could have been admissible for the judge to consider, after a balancing under M.R.E. 403, despite the reservations voiced in *U.S. v. Franklin*, 35 M.J. 311, 316-317 (CMA 1992) concerning the use of such evidence to prove intent. Since it was not admitted in evidence for this purpose, however, we are confident that the military judge did not allow it to enter into his determination of Appellant s guilt. We, too, have excluded it from our consideration.

We are convinced beyond a reasonable doubt by the evidence that was admitted that Appellant committed an indecent act by pushing JH s head onto his lap, stroking her head and hair with his hand, and preventing her from lifting her head from his lap, as found by the judge, and that, in doing so, Appellant had the requisite intent to arouse his sexual desires. We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges WESTON and McCLELLAND concur.

---

For the Court,

//s//

James P. Magner
Clerk of the Court