# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Terry L. ALLISON
### Food Service Specialist First Class (E-6), U.S. Coast Guard

## CGCMG 0170

## Docket No. 1148

## 16 November 2001

General Court-Martial convened by Commander, Thirteenth Coast Guard District. Tried at Seattle, Washington, 6 and 7 February 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | CDR Michael J. Lodge, USCG |
| Assistant Trial Counsel: | LT Jason R. Hamilton, USCG |
| Detailed Defense Counsel: | LT Kevin R. Powers, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | CDR Chris P. Reilly, USCG |
| | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL TWO
## BAUM, KANTOR, & PALMER
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial consisting of a military judge alone. Pursuant to guilty pleas, entered in accordance with a pretrial agreement, he was convicted of two specifications of multiple acts of consensual heterosexual sodomy in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925; one specification of indecent acts with another by videotaping acts of sexual intercourse and acts of sodomy in violation of Article 134, UCMJ, 10 U.S.C. § 934; two specifications of failure to obey a lawful order in violation of Article, 92 UCMJ, 10 U.S.C. § 892; and one specification of an attempt to destroy evidence in violation of Article 80, UCMJ, 10 U.S.C. § 880. The trial court sentenced Appellant to eighteen months confinement, reduction to pay grade E-1, and a bad conduct discharge, which was within the terms of the pretrial agreement. The convening authority approved the sentence as adjudged, and, without being required by the pretrial agreement, suspended all confinement in excess of twelve months for a period of twelve months.

Before this Court, Appellant has assigned six errors.[1] In Assignment I, Appellant contends that the convening authority failed to carry out the intent of the parties in the pretrial agreement to waive automatic forfeitures under Article 58b, UCMJ, for a period of six months from the date of sentencing. The convening authority's action does not reflect that forfeitures were waived, but the Government has assured the Court that such has been accomplished and Appellant has not challenged that assertion. Accordingly, the issue has been rendered moot. Appellant briefed and orally argued in Assignment II that the offense of sodomy with his future wife and the indecent act offense of videotaping that sodomy are both multiplicious and an unreasonable multiplication of the same act, concepts recognized by our higher court as distinctly different. *United States v. Quiroz*, 55 M.J. 334 (2001). At trial, defense counsel raised the issue of unreasonable multiplication of charges, but forfeited the issue of multiplicity when he expressly stated to the judge, "We're not arguing multiplicity." R. at 34. We discern no plain error with respect to multiplicity and we have determined that the military judge did not err when he ruled there was no unreasonable multiplication of charges. Accordingly, Assignment of Error II is rejected. Assignment III, which challenges the providence of Appellant's guilty plea to the indecent act of videotaping his sexual acts, was also orally argued to the Court and will be discussed.

Appellant asserts as error, in Assignment IV, that the staff judge advocate's post-trial recommendation failed to comply with the requirements of RCM 1106(d)(3)(D) by neglecting to advise the convening authority that Appellant had been in pretrial restriction for more than four months. Appellant asks that we order appropriate relief, or return the record to the convening authority for a new action. The Government concedes that this omission was error and we agree, but rather than return the record for a new action, as the Government recommends, we will correct the error by adjusting the sentence accordingly as part of our Article 66, UCMJ, action with respect to sentence appropriateness. In Assignment V, Appellant asserts that he should be credited with an additional day of confinement for incarceration by civil authorities, based on *United States v. Tardif*, 54 M.J. 954 (C.G.Ct.Crim.App. 2001). The Government agrees with that assignment, as do we, and credit for that additional day will be ordered. Finally, in Assignment VI, Appellant contends that his sentence is inappropriately severe. We reject this assertion, but will reduce the sentence to compensate for the error asserted in Assignment IV, and, as indicated, will order credit for an additional day of confinement by civil authorities. All motions that have not been acted upon by the Court are hereby granted.

---

[1] I. The Convening Authority's action fails to carry out the intent of the parties in the pretrial agreement to waive automatic forfeitures for a period of six months from the date of sentencing. II. The Military Judge erred in refusing to dismiss Charge VI and the specification thereunder (Indecent Acts), as multiplicious within Specification 1 under Charge II (Sodomy). III. The Appellant's plea of guilty to Indecent Acts for videotaping private, consensual sexual acts between himself and his future wife was not provident where there is no evidence the video was ever distributed or shown to anyone. IV. The Staff Judge Advocate's recommendation fails to advise the Convening Authority that Appellant had been placed in pretrial restriction for more than 4 months. V. The Military Judge erred in not ordering 4 days of credit for time spent in pretrial confinement. VI. Appellant's sentence to twelve months confinement and a bad-conduct discharge is inappropriately severe for his convictions for consensual oral sex with his future wife in the privacy of his home; video taping the same; and endeavoring to prevent the public release of the videotape.

Assignment of Error III.

In Assignment III, Appellant asserts that his plea of guilty to committing an indecent act by videotaping intercourse and sodomy with his future wife was not provident. In this regard, Appellant correctly states that our review of such an issue should ordinarily be based on matters within the four corners of the record, *United States v. Rooks*, 29 M.J. 291, 293 (CMA 1989), and that a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea. *United States v. Prater*, 32 M.J. 433, 436 (CMA 1991). Applying these precepts, Appellant contends that there is a substantial basis in the record for questioning whether his act of videotaping was indecent.

The undisputed and established facts, as Appellant acknowledges, are that he videotaped certain acts of sexual intercourse and oral sodomy in which he was engaged. Both the sexual acts and the videotaping were consensual. The participants controlled the video equipment and they knew the camera was recording. All acts took place in Appellant's home, with no one else present. Moreover, there is no evidence that the tape ever left the privacy of Appellant's home and there is no evidence the tape was ever shown to anyone. Appellant admitted these facts during the plea inquiry and he also admitted that his conduct was "indecent." R. at 184. However, according to Appellant, what constitutes "indecent" conduct is a question to be resolved by this court as a legal conclusion. *See United States v. Dunning*, 40 M.J. 641, 646 (N.M.C.M.R. 1994) (holding that legal conclusions by an accused are not sufficient to establish the factual basis required to support a guilty plea). Accordingly, Appellant urges this Court to assess the facts and determine that the indecency conclusion is not supported. We agree that the characterization of Appellant's acts as indecent constitutes a legal conclusion that is within our province to decide and we will make that decision after evaluating the facts.

Appellant submits that the act of videotaping is not in itself indecent. He says there is nothing indecent in turning on a camcorder and recording images. For that reason, he argues that it must be something inherent in the recorded acts of sexual intercourse and sodomy or something in the surrounding circumstances that cause the act of videotaping to be considered indecent. We agree with that proposition and we also agree that, unless otherwise in violation of the law, consensual acts of sexual intercourse between unmarried participants are not indecent, if conducted in private. *United States v. Frazier*, 51 M.J. 501, 503-05 (C.G.Ct.Crim.App. 1999); *United States v. Carr*, 28 M.J. 661 (NMCMR 1989); *United States v. Berry*, 6 USCMA 609, 20 CMR 325 (1956). Sodomy is another matter, however. Private consensual sodomy, whether heterosexual or homosexual, is an offense under Article 125, UCMJ. *United States v. Henderson*, 34 M.J. 174 (CMA 1992). Moreover, as stated in *United States v. Harris*, 25 M.J. 281, 282 (CMA 1987), "It would indeed be a tortured exercise in semantics to conclude that oral sodomy is not an indecent act." Appellant contends that, if the sodomy depicted on the tape is the basis for calling the videotaping indecent, then the videotaping offense is multiplicious with the separate charge of sodomy. That issue was forfeited when Appellant chose not to raise it at trial and we do not find plain error in this regard. We also have found no unreasonable multiplication of charges. Accordingly, we find

that Appellant was properly convicted of two separate offenses, and that the indecent nature of sodomy caused the videotaping of that act to be indecent.

There are also other factors bearing on indecency. The Manual for Courts-Martial (MCM) explains indecent as follows: "'Indecent' signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations." MCM, Part IV, ¶ 90c (2000 ed.). It can be reasonably inferred that either the making of the tape itself, the Appellant's knowledge that his acts of sodomy were being videotaped, or the anticipation of later viewing, somehow excited his lust to a greater extent or degree than that engendered by the sexual acts alone. Moreover, their viewing by him or anyone else would tend, in all likelihood, "to excite lust and deprave the morals with respect to sexual relations." By capturing the transient acts of sodomy on tape, a degree of permanence was created which enabled later viewing of these acts at any time by anyone. Appellant argues that these tape images were for private use only, but we know that he kept the tape for over seven months, during which time it was possible that someone else could have viewed the tape, with or without Appellant's permission. In fact, the police viewed it after its seizure. Thus, despite Appellant's argument that the tape was not for others to see, the private quality of the sexual acts was compromised as a result of the videotaping. The potential for viewing by others, that taping affords, prompts us to equate videotaping with placing a third-person observer in the room, and causes the enterprise to take on a public character. This factor, together, with the salacious effect on the person doing the taping and viewer alike, contribute to the conclusion that the act of videotaping was indecent.

One final question remains. Was the act of recording sexual images, which Appellant contends was intended for private possession only, Constitutionally protected? We know that mere private possession of obscene material has been declared to be Constitutionally protected. *Stanley v. Georgia,* 394 U.S. 557 (1969). For that reason, it would appear that Appellant's possession of the videotape that he had created was not an offense for which he could be prosecuted. Nevertheless, while we have found no cases directly on point, we are convinced that the act of creating a tape of one's own acts of sodomy, as opposed to the mere possession of that tape, is not protected by *Stanley v. Georgia, supra. Bowers v. Hardwick*, 478 U.S. 186 (1986), makes it clear that the Constitutional reach of *Stanley v. Georgia* does not extend to the private act of sodomy, nor, in our view, would *Stanley v. Georgia* protect the videotaping of that criminal act. Accordingly, we find no substantial basis in law or fact to question Appellant's plea of guilty to the indecent act of videotaping his acts of intercourse and sodomy with his future wife. For that reason, Assignment of Error III is rejected.

Conclusion

In light of the foregoing, the findings of guilty approved below are affirmed. In determining what sentence should be approved, we have taken into consideration the staff judge advocate's failure to advise the convening authority of Appellant's pretrial restriction of over four months. In the interest of judicial economy, we have determined to take corrective action on the sentence, rather than return the record for correction by the convening authority. In so doing, we have concluded that the approved confinement should be reduced to eleven

months, but that the remainder of the sentence should not be modified. Accordingly, only so much of the sentence as approved below as provides for a bad conduct discharge, reduction to paygrade E-1, and confinement for eleven months is affirmed. Appellant also shall be credited with an additional day of confinement against this sentence as compensation for one day of incarceration by civil authorities before trial.

Judges Kantor and Palmer concur.

For the Court,



Kevin G. Ansley
Clerk of the Court