# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Tao P. WEBER
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24210

## Docket No. 1151

## 23 January 2002

Special Court-Martial convened by Commanding Officer, Integrated Support Command Alameda. Tried at Maintenance and Logistics Command Pacific, Alameda, California, on 27 February 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LT Colleen M. O'Brien, USCG |
| Assistant Trial Counsel: | LT(jg) Jonathan A. Alexander, USCG |
| Detailed Defense Counsel: | LT P.S. Ehrman, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL SEVEN
### BAUM, BRUCE, & KILROY
Appellate Military Judges

KILROY, Judge:

Appellant was tried by a special court-martial, military judge alone. In accordance with his pleas, entered pursuant to a pretrial agreement, he was convicted of the following offenses: one specification of unauthorized absence, one specification of missing movement, and one specification of dishonorably failing to pay a debt, in violation of Articles 86, 87, and 134 of the Uniform Code of Military Justice (UCMJ). Appellant was sentenced to confinement for 4 months, reduction to E-1, and a bad conduct discharge. The Convening Authority approved the sentence and credited Appellant with 8 days of pretrial confinement credit under *United States v. Allen*, 17 M.J. 126 (CMA 1984).

Before this Court, Appellant has assigned two errors: (1) that, due to administrative errors, Appellant served more confinement than was either adjudged or approved, and (2) that

the Staff Judge Advocate's recommendation failed to advise the Convening Authority that Appellant had been placed in pretrial restriction for over three months.

Because we now grant relief with respect to the first assignment but not the second, we address them in reverse order.

### I. The Staff Judge Advocate's Failure to Advise the Convening Authority of the Pretrial Restriction

Though clearly required by Rule for Courts-Martial (RCM) 1106(d)(3)(D), the Staff Judge Advocate's recommendation to the Convening Authority in this case made no mention of Appellant's pretrial restraint for periods that totaled more than 3 months.[1] The Appellant notes that the facts of this case appear to be indistinguishable from those of *United States v. Wheelus*, 49 M.J. 283 (1998). We agree.

In *Wheelus*, the Staff Judge Advocate's recommendation to the Convening Authority failed to mention approximately 6 months of restriction to which the Appellant was subjected prior to trial. The Court held that, because clemency is a highly discretionary Executive function, an error of this nature results in material prejudice to the substantial rights of the appellant, warranting relief, if the appellant "makes some colorable showing of possible prejudice." *Id.* at 289 (quoting *United States v. Chatman*, 46 M.J. 321, 324 (1997)). The Court then found that, under the circumstances present in that case,

> where the issue was not central to appellant's posttrial submission; where there was no factual dispute generated by the posttrial submissions; where appellant did not ask the staff judge advocate to further clarify the matter; and where there is significant evidence that the convening authority read the matter submitted by appellant . . . appellant has not made the requisite showing of prejudice.

*Id.* We find that Appellant here has similarly not made the requisite showing of prejudice.

In *Wheelus*, as here, the staff judge advocate's review focused on pre-trial confinement and made no mention of other pretrial restraint. Nevertheless, defense counsel in *Wheelus*, like defense counsel in this case, did not request modification of the SJA recommendation. *Id.* at 286. The RCM 1105 clemency petition in *Wheelus* focused on the physical ailments of SGT Wheelus' parents, but enclosed a "Clemency Petition" from the appellant requesting a reduction in sentence based on consideration of his time spent in pretrial restriction. *Id.* at 285. In the instant case, Appellant's RCM 1105 petition focused on the financial distress of his spouse, but also attached a letter from the Appellant to the Convening Authority mentioning the pretrial restraint. *Id.* The record also contains a prior letter to the Convening Authority, in which

---

[1] The assistant trial counsel described the pretrial restraint as follows: "[T]he defendant did go into the brig on 29 November 2000, and was released on 5 December. He was also restricted when he turned himself in to the Army base in Germany. Those dates are – were – he was restricted, then, between the dates of 12 September and 20 September of 2000. Upon his return to the United States, he was restricted to Alameda Island – or I'm sorry – Coast Guard Island between the dates of 20 September and 29 November. We already discussed his confinement between 29 November and 5 December. And then he was again restricted to Coast Guard Island between the days of 5 December and 21 December." R. at 8.

Appellant states that he had "been on restriction for seven months." In *Wheelus*, as here, the "staff judge advocate forwarded [the RCM 1105 submission and the clemency petition] to the convening authority without any dispute as to the accuracy of appellant's comments [about pretrial restraint], and the staff judge advocate emphasized to the convening authority his duty to read the materials." *Id.* at 289. In this case, as in *Wheelus*, the defense submissions bear the convening authority's initials. *Id.*

Having acknowledged the similarity of the facts in this case and *Wheelus*, Appellant still asks us to depart from the result in *Wheelus* and grant relief under Article 66(c). We see no reason to do so, in contrast with our remedial action in the recent case of *United States v. Allison*, 56 M.J. 606, 607 (C.G.Ct.Crim.App. 2001), another case in which the staff judge advocate failed to advise the convening authority of the appellant's pretrial restriction. A distinguishing characteristic of *Allison* was the failure of the record to establish that the convening authority saw or read the Appellant's clemency materials.

## II. Administrative Error

There were indeed some administrative errors in the post-trial processing of this case. First, the pretrial agreement called for the Convening Authority to suspend any confinement in excess of 120 days. The Convening Authority's approval of 4 months confinement violated that agreement, in that it would have resulted in 122 days confinement. However, because the confinement facility calculated the Appellant's period of confinement based not on the Convening Authority's action, but on the RCM 1101(a) results of trial, which indicated a sentence of 120 days, the Appellant suffered no harm as a result of this error.

The Convening Authority's action also indicated an incorrect date for the deferred commencement of confinement, but the confinement facility again garnered the correct information from the results of trial, with no resulting harm.

Finally, the record clearly establishes that Appellant was released from confinement on 20 June 2001, though his correct date of release should have been 12 June 2001. This unfortunate circumstance apparently resulted from a software error in the correction facility's "Correction Management Information System," that failed to credit Appellant with any *Allen* credit for his pretrial confinement.[2] Thus, Appellant served 120 days confinement, which is 8 more days confinement than that called for by the pretrial agreement, as reduced by *Allen* credit.

When the record reveals that an appellant was held in confinement beyond his proper release date, a Court of Criminal Appeals may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence. *See United States v. Keith*, 36 M.J. 518, 519 (ACMR 1992), and the cases cited therein. Appellant requests that we disapprove a "substantial" portion of his approved confinement by way of relief, presumably in the expectation that

---

[2] *United States v. Allen,* 17 M.J. 126 (CMA 1984). This was not the only error in the calculation of Appellant's *Allen* credit. The results of trial forwarded to the brig indicated only 6 days of pretrial confinement credit was due the Appellant. The Convening Authority's Action, which was not forwarded to the brig, specified 8 days. The actual *Allen* credit should have been 7 days, for pretrial confinement from 29 November 2000 to 5 December 2000. Since we can approve no sentence in excess of that approved by the Convening Authority, we accept 8 days as the appropriate credit.

automatic forfeitures under Article 58b, UCMJ, will be restored for any period of confinement not approved.  The Government agrees that disapproving a portion of the approved confinement is the appropriate relief.  In this case, all confinement has already been served.  Nevertheless, this Court may still disapprove a portion of that confinement.  *See United States v. Valead*, 32 M.J. 122 (CMA 1991) (affirming the Navy-Marine Corps Court of Military Review's disapproval of three days confinement on bread and water though Valead had already served those three days).

In light of the foregoing, the findings of guilty below are affirmed.  Only so much of the sentence as provides for confinement for 100 days, reduction to E-1, and a bad conduct discharge is affirmed.  All rights, privileges, and property of which Appellant has been deprived by virtue of that portion of the sentence not affirmed will be restored.

Chief Judge BAUM and Judge BRUCE concur.



For the Court,


Kevin G. Ansley
Clerk of the Court